IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2001

## MICHAEL D. MARTIN v. RODERICK SCOTT, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-2754-I      Irvin B. Kilcrease, Chancellor**

---

**No. M2000-02330-COA-R3-CV - Filed July 31, 2001**

---

Michael D. Martin, an incarcerated state prisoner, filed a Petition for Writ of Certiorari challenging a prison disciplinary proceeding whereby he was convicted by the Prison Disciplinary Board of burglary and sentenced to ten days punitive segregation and a $4.00 fine. The Chancellor dismissed the petition and we affirm the Chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Michael D. Martin, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General and Ashley S. Old, Assistant Attorney General, Nashville, Tennessee, for the appellees, Roderick Scott, Lt. Ed Brown, Gilbert Mathis, Gary Tittle, Flora Holland, Donal Campbell and Virginia Lewis.

### OPINION

Michael Martin asserts in his Petition for Certiorari that he was convicted by the Prison Disciplinary Board on September 9, 1999 of burglary and sentenced to ten days punitive segregation and a $4.00 fine.

Claiming due process and equal protection violations, he seeks a writ of common law certiorari.

The defendants filed a Motion to Dismiss which was granted by the Chancellor in a Memorandum and Order of July 14, 2000, wherein he held:

Petitioner, *pro se*, is an inmate lawfully in the custody of the Tennessee Department of Correction at Lois DeBerry Special Needs Facility in Pikeville, TN.

Petitioner has filed a petition for a writ of certiorari pursuant to *Tenn. Code Ann.* §§ 27-8-101 and 27-8-102 seeking review of an adverse decision made by the Disciplinary Board (hereinafter "the Board"). Petitioner contends that the decision was illegal, arbitrary and in violation of his procedural due process rights. He seeks a new hearing before a tribunal and expungement of the burglary charge.

This matter is before the court on respondents' motion, by and through the office of the Tennessee Attorney General, to dismiss pursuant to Tenn. R. Civ. P. 12.02(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively.

Scope of Review

The scope of review under the common law writ of certiorari covers only [an] inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently or arbitrarily. *Powell v. Parole Eligibility Board*, 879 S.W.2d 123 (Tenn.App. 1981). The review is limited to whether the process of reaching a decision is legal, as opposed to whether or not the decision is correct.

I.

Petitioner asserts that the Board violated his procedural due process rights when they sentenced him to ten day punitive segregation and assessed a $4.00 fine. When determining whether a due process violation has occurred, the court must first identify the existence of a protected right. In *Sandin v. Conner*, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that a liberty interest is only crated when prison procedures impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. The *Sandin* court concluded that the placement of an inmate in punitive segregation was not such a deprivation that would entitle the inmate to due process protections. *Id.* See also *E.L. Reid v. Sundquist*, 1998 WL 83669 (Tenn.App.) Thus, it is the opinion of this court that the restrictions placed on the petitioner did not impose such atypical and significant hardships on the petitioner such as to create a liberty interest that would invoke due process requirements.

II.

Petitioner additionally asserts that the Board acted unlawfully when it allowed the cross-examination of his witnesses and entered an adverse decision based upon insufficient evidence. It is well settled, that this court's review of agency decision is limited to whether the process was legal and not an inquiry into the correctness of the decision. Cross-examination of witnesses is a lawful part of a disciplinary proceeding. Thus, this contention is without merit. In addition, a review of the

sufficiency of evidence would require this court to examine the intrinsic correctness of the Board's decision. This court is without such authority.

The Chancellor correctly held that under the limited review allowed in common law certiorari, the court is limited to determining whether or not the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. This review is to determine whether or not the process used by the Disciplinary Board conforms to law and is not a review of the correctness of the decision. *Powell v. Parole Eligibility Board*, 879 S.W.2d 123 (Tenn.Ct.App. 1981).

The assertions of Martin are practically the same assertions rejected in *Gary T. Dotson v. Tennessee Department of Correction*, 1999 WL 430405 (Tenn.Ct.App. June 29, 1999), wherein this Court held:

> The Trial Court principally relied on a case decided by the Supreme Court of the United States in granting the summary judgment and employed the following language:
>
> > In Sandin v. O'Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the court held that a prisoner did not have a protected liberty interest in remaining free from disciplinary segregation. The court held that the punishment of incarcerated prisoners does not impose retribution in lieu of a valid conviction, rather it effectuates prison management and prisoner rehabilitative goals. The court noted that while prisoners do not shed all constitutional rights at the prison gate, "lawful incarceration brings about the necessary withdrawal of limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." The court ruled that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." In the case of a prisoner, the Due Process Clause protects against the imposition of atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
> > In the case at hand, the disciplinary board punished Mr. Dotson as follows: (1) five (5) days of punitive segregation, suspended for sixty (60) days; (2) loss of six (6) months of visitation privileges; and (3) payment of seventeen dollars and fifty cents ($17.50) for the drug screen. This punishment fails to rise to the level of imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Friedman v. Bass. Accordingly, the defendant's motion for summary judgment is granted.

> We concur in the Trial Court's application of Sandin to the fact of
> this case.

1999 WL 430405, * 1.

Just as five days punitive segregation and a $17.50 charge for a drug screen did not rise to the *Sandin* required level of atypical and significant hardship, so ten days punitive segregation and a $4.00 fine does not rise to such a level and there are no due process implications involved as to Michael Martin.

The judgment of the Chancellor is in all respects affirmed and costs are assessed against Michael Martin.

The case is remanded to the trial court for collection of costs.

_____
WILLIAM B. CAIN, JUDGE

-4-